# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| TAMMY D. WAINWRIGHT and RAYMOND J. WILKS, <br><br> Plaintiffs, <br><br> v. <br><br> CREDIT CONTROL SERVICES, INC., d/b/a CREDIT COLLECTION SERVICES <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 2:17-cv-01498 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes TAMMY D. WAINWRIGHT ("Tammy") and RAYMOND J. WILKS ("Raymond") (collectively, "Plaintiffs"), by and through their attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CREDIT CONTROL SERVICES, INC. d/b/a CREDIT COLLECTION SERVICES ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Wisconsin Consumer Act ("WCA") under Wis. Stat. §427 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331

1

and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Joinder of Plaintiffs' claims is proper under Fed. R. Civ. P. 20(a)(1) since Plaintiffs' claims arise out of the same transaction or occurrence or series of transactions and occurrences and common questions of law and fact will arise.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Wisconsin and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

## PARTIES

5. Plaintiffs are natural persons residing at 4545 North Teutonia Avenue, Unit 4, Milwaukee, Wisconsin, which lies within the Eastern District of Wisconsin.

6. Plaintiffs are "person[s]" as defined by 47 U.S.C. §153(39).

7. Defendant is a third-party debt collection corporation organized under the laws of the state of Delaware with its principal place of business located at 725 Canton Street, Norwood, Massachusetts. Defendant's registered agent in Wisconsin is C T Corporation System located at 301 South Bedford Street, Suite 1, Madison, Wisconsin.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

10. Around the early months of 2017, Plaintiffs began receiving calls to their cellular phone, (414) XXX-8537, from Defendant.

11. At all times relevant to the instant action, Raymond was the account owner of the cellular phone ending in 8537, but Tammy is the primary user of the cellular phone. Both Plaintiffs use and are financially responsible for the cellular phone.

12. Defendant mainly calls Plaintiffs' cellular phone using the phone number (603) 957-4030, but upon belief, it may use other numbers as well.

13. Upon information and belief, the above number ending in 4030 is regularly utilized by Defendant during its debt collection activity.

14. Upon answering calls from Defendant, Plaintiffs experience a noticeable pause before a live representative begins to speak.

15. Upon speaking with Defendant, Plaintiffs are informed that it is acting as a debt collector and that it is attempting to collect upon a debt.

16. Both Plaintiffs, on separate occasions, informed Defendant that they did not wish to receive the collection calls and demanded that Defendant cease contacting them.

17. Despite Plaintiffs' requests, Defendant has continued to persistently call their cellular phone up until the filing of the instant action.

18. Plaintiffs have received not less than 30 calls from Defendant since asking it to stop calling.

19. Frustrated over Defendant's conduct, Plaintiffs spoke with Sulaiman regarding their rights, resulting in expenses.

20. With the goal of specifically addressing Defendant's conduct, Plaintiffs have expended approximately $54.00 to purchase and maintain an application on their cellular phone to help quell Defendant's calls. However, the communications have continued.

21. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies incessant collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of their telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phone, and diminished space for data storage on their cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiffs repeat and reallege paragraphs 1 through 22 as though full set forth herein.

24. Plaintiffs are "consumer[s]" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA §1692c(a)(1) and §1692d**

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiffs after being notified to stop.  This repeated behavior of systematically calling Plaintiffs' phone at least

4

30 times after they demanded that it cease contacting them was harassing and abusive. Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiffs. Tammy notified Defendant that she no longer wished to be contacted on the cellular phone. Raymond, on separate occasions, made the same demands. Despite Plaintiffs' efforts, Defendant continued its onslaught of phone calls to Plaintiffs' cellular phone. The volume of calls shows that Defendant willfully ignored Plaintiffs' pleas with the goal of annoying and harassing them.

30. Defendant was notified by Plaintiffs that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiffs.

### b. Violations of the FDCPA § 1692e

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

33. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Despite being told to cease contacting them, Defendant continued to relentlessly contact Plaintiffs via automated calls. Instead of stopping this behavior, Defendant continued to systematically call Plaintiffs over 30 times in a deceptive attempt to force them to answer its calls. Through its conduct, Defendant misleadingly represented to Plaintiffs that it had the legal ability to contact them via automated calls when it no longer had consent to do so.

### c. Violations of FDCPA § 1692f

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiffs after being notified to stop. Attempting to coerce Plaintiffs into payment by placing voluminous phone calls after being notified to stop calling is unfair and unconscionable behavior.

36. As pled in paragraphs 18 through 22, Plaintiffs have been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiffs TAMMY D. WAINWRIGHT and RAYMOND J. WILKS respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiffs statutory damages of $1,000.00 each, as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

37. Plaintiffs repeats and reallege paragraphs 1 through 36 as though fully set forth herein.

38. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

39. Defendant used an ATDS in connection with its communications directed towards

6

Plaintiffs' cellular phone. The noticeable pause that Plaintiffs experience during answered calls from Defendant is instructive that an ATDS is being utilized to generate the phone calls. Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

40. Defendant violated the TCPA by placing phone calls to Plaintiffs' cellular phone using an ATDS without their consent. Plaintiffs never gave Defendant consent to contact them. Any consent that Plaintiffs *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiffs' numerous demands that it cease contacting them.

41. The calls placed by Defendant to Plaintiffs were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

42. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiffs for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiffs are otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiffs TAMMY D. WAINWRIGHT and RAYMOND J. WILKS respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiffs costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE WISCONSIN CONSUMER ACT

43. Plaintiffs restate and reallege paragraphs 1 through 42 as though fully set forth herein.

44. The WCA states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." Wis. Stat. §427.104(1)(h)

45. Defendant violated §427.104(1)(h) by engaging in harassing conduct in contacting Plaintiffs. It was unfair for Defendant to relentlessly contact Plaintiffs through means of an ATDS after their repeated demands that it stop calling. Defendant ignored Plaintiffs' demands and continued to systematically place at least 30 calls to their cellular phone without their consent. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in harassing behavior, willfully done with the hope that Plaintiffs would be compelled to answer the calls and make payment. .

46. The WCA was designed to protect consumers, like Plaintiffs, from the exact behavior committed by Defendant.

47. The WCA further states that "in attempting to collect an alleged debt arising from a consumer credit transaction…a debt collector may not:"

> "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist." Wis. Stat. §427.104(1)(j)

48. Defendant violated §427.104(1)(j) by continuing to place calls to Plaintiff's cellular phone after they told it to stop calling. Through its conduct, Defendant misleadingly represented to Plaintiffs that it had the legal ability to contact them via an automated system when it no longer had consent to do so.

49. As pled in paragraphs 18 through 22, Plaintiffs have suffered actual damages as a result of

Defendant's unlawful practices, including costs associated with purchasing and maintaining an application subscription to quell Defendant's phone calls. As such, Plaintiffs are entitled to relief pursuant to §427.105.

50. Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the Plaintiffs' rights. Defendant acted in defiance of Plaintiffs' prompts. Plaintiffs demanded that Defendant stop contacting them, but yet, they were still bombarded with collection phone calls from Defendant. In an unfair and deceptive manner, Defendant called Plaintiffs at least 30 times after being asked to stop. This onslaught of phone calls was an attempt by Defendant to harass Plaintiffs into submission and to ultimately maximize its profits. After Plaintiffs told it to stop calling, Defendant had more than enough information to know that it should not continue calling their phone. Defendant falsely and deceptively represented that it had the legal ability to contact Plaintiffs seeking collection of a debt when it no longer had such lawful ability. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

WHEREFORE, Plaintiffs TAMMY D. WAINWRIGHT and RAYMOND J. WILKS, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs actual damages pursuant to §427.105, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiffs costs and reasonable attorney fees pursuant to §425.308(1)-(2);

d. Enjoining Defendant from further contacting Plaintiffs; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 31, 2017                                     Respectfully submitted,

| s/ Nathan C. Volheim | s/Taxiarchis Hatzidimitriadis |
|---|---|
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Eastern District of Wisconsin | Admitted in the Eastern District of Wisconsin |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 S. Highland Avenue, Suite 200 | 2500 S. Highland Avenue, Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 575-8181 x113 (phone) | (630) 575-8181 x110 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |