IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| TAMMY D. WAINWRIGHT and RAYMOND J. WILKS, <br><br> Plaintiffs, <br><br> v. <br><br> CREDIT CONTROL SERVICES INC. d/b/a CREDIT COLLECTION SERVICES, <br><br> Defendant. | ) ) ) ) ) ) ) CASE NO. : 2:17-cv-01498-PP ) ) ) ) ) ) |

**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56b(1)(C)**

The following is a list of material facts, pursuant to L.R. 56b(1)(C), as to which Defendant Credit Control Services Inc. d/b/a Credit Collection Services ("CCS") contends there is no genuine issue, which entitles CCS to a judgment as a matter of law.

1. On or about August 3, 2017, a PNC Bank account from PNC Bank was placed with CCS for collection. Affidavit of Jeffrey Stoddard of CCS ("Stoddard Aff."), ¶ 14.

2. PNC Bank provided CCS with contact information for the debtor, including the debtor's name, address and telephone number, and the amount due. Stoddard Aff. ¶ 15.

3. The debtor on the account was Plaintiff Wainwright. *Id*. ¶ 16.

4. The original balance owing on the account was $389.84 and the current balance on the account is $389.84. *Id*. ¶ 17.

5. The data received from PNC Bank was loaded into CCS's system. *Id*. ¶ 18.

6. At the time of placement, CCS received telephone number (414) 559-8537 ("8537 number") in connection with the debtor's account. *Id*. ¶ 19.

7. From August 10, 2017 to October 20, 2017, in an effort to collect the debt, CCS placed a total of 37 calls to the 8537 number. *Id*. ¶ 21.

8. On October 20, 2017, Wainwright answered a phone call from CCS and requested that CCS not place any further phone calls to the 8537 number. *Id*. ¶ 22; *See* CCS Account Notes, attached hereto as Exhibit 1 to the Stoddard Aff.

9. After October 20, 2017, no further calls were placed to the 8537 number. *Id*. ¶ 23; *See* Ex. 1.

10. No live messages were left. *Id*. ¶ 24.

11. No prerecorded voice messages were left because CCS does not employ prerecorded voice. *Id.* ¶ 25.

12. CCS made the calls to Plaintiffs by using the Manual Call Assist ("MCA") feature set and Manual Contact Solution ("MCS"). *Id*. ¶¶ 8-10.

13. Neither the MCA nor the MCS employ predictive dialing, or generate random or sequential numbers and dial such numbers, nor possess any features that may be activated to enable automated calling. *Id*. ¶ 12.

14. Any pause which occurs after a call is answered is due to the call being launched by a clicker agent and transferring the call to a CCS agent. *Id*. ¶ 13.

15. CCS' Customer Service Agents receive training in FDCPA and state law compliance and circulate an employee handbook on FDCPA compliance. *Id*. ¶ 27.

16. CCS' Customer Service Agents are trained to document all their telephone communications with debtors in the account notes contemporaneously with the call and are well-versed in how to notate an account once consent has been revoked. *Id*. ¶ 28.

2
4516902v1
Case 2:17-cv-01498-PP   Filed 01/14/19   Page 2 of 3   Document 25

CCS submits this statement of undisputed material facts in support of its Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.

There are no material facts to which Plaintiffs and CCS have stipulated.

MOSS & BARNETT

Dated: January 14, 2019

By /s/ Michael S. Poncin
   Michael S. Poncin, #296417
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Phone: (612) 877-5290
E-Mail: Mike.Poncin@lawmoss.com

*Attorneys for Credit Control Services Inc.
d/b/a Credit Collection Services*